IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DAWONE WASHINGTON                                                                            PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:24-CV-00004-RP

WARDEN ROJAS, et al.                                                    DEFENDANTS

<u>ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

This matter comes before the Court, *sua sponte*, for consideration of dismissal. On January 11, 2024, Plaintiff Dawone Washington, proceeding *pro se*, filed the instant action challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. Doc. # 1. Plaintiff additionally filed an application to proceed *in forma pauperis* ("IFP"), but failed to include a complete certified copy of his inmate account statement (or institutional equivalent) as required by 28 U.S.C. § 1915(a)(2). *See* Doc. # 2.

Consequently, the Court entered an Order on January 12, 2024, directing Plaintiff to either complete and return the proper IFP forms or, in the alternative, to pay the filing fee for this action. *See* Doc. # 5. That Order required Plaintiff to take such actions within twenty-one (21) days from the date of the Order. *See id.* The Order further warned that failure to comply with these requirements may lead to the dismissal of this action. *See id.* After that deadline passed, the Court entered another Order on February 8, 2024, directing Plaintiff to show cause within fourteen (14) days why his case should not be involuntarily dismissed as provided by Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with an order of the court. *See* Doc. # 6.

On February 26, 2024, in response to the Court's Order to Show Cause, Plaintiff filed a motion for an extension of time within which to submit a certified copy of his inmate trust fund account (for his IFP application). Doc. # 9. The Court granted Plaintiff's motion by Order entered

on February 27, 2024, providing him an additional thirty (30) days from the date of the order in which to submit a complete IFP application. Doc. # 11. The Order cautioned Plaintiff that "no further extensions of time" would be granted, and that "[s]hould Plaintiff fail to submit the requisite paperwork within the time allotted, his case *will be* dismissed without prejudice . . . ." *Id.* (emphasis in original). Despite this warning, Plaintiff failed to submit a complete IFP application within the proscribed time period.[1] Accordingly, the instant case is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute and failure to comply with an order of the Court.

    **SO ORDERED**, this the 2nd day of April, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complete IFP application was due on or before March 28, 2024 (February 27, 2024 + 30 days).